UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD HUMPAL, et al.,

        Plaintiffs,                              Hon. Janet T. Neff

v.                                           Case No. 1:11 CV 936

OCWEN LOAN SERVICING, LLC, et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion to Dismiss. (Dkt. #6, 14).

Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be

**granted**. The undersigned further recommends that Plaintiffs' claims against Defendants Erbey,

Deutsche Bank, and the five hundred John Doe and Jane Doe defendants be dismissed without prejudice

for failure to timely effect service and Plaintiffs' action **dismissed**.

## BACKGROUND

Plaintiffs, Richard Humpal and Douglas Hirdes, initiated this action on August 2, 2011,

against Ocwen Loan Servicing, LLC; William Erbey; Deutsche Bank National Trust Company;

Mortgage Electronic Registration Systems, Inc. (MERS); Kent County; and five hundred unidentified

John and Jane Does. (Dkt. #1, Exhibit A). This action concerns property located at 9455 Kalamazoo

Avenue SE, Caledonia, Michigan (hereinafter "the subject property"). Plaintiffs initiated this action in

the State of Michigan 17th Judicial Circuit Court. Defendants Ocwen, MERS, and Kent County

subsequently removed the matter to this Court.  Plaintiffs have yet to effect service on Defendants Erbey, Deutsche Bank, and the five hundred unidentified John and Jane Does.

The following allegations are contained in Plaintiffs' verified complaint.  On or about July 26, 2011, Plaintiff Humpal "sent an offer to pay the full amount of the alleged loan. . .to Defendant OCWEN LOAN SERVICING, LLC. . .in order to fully satisfy any and all obligations [Plaintiff Hirdes] had in regards to a lien on [the subject property] that had been recorded as a mortgage."  While not entirely clear from Plaintiff's Complaint, it appears that Plaintiff Humpal's "offer to pay" consisted of sending to Defendant Ocwen a Certified Promissory Lawful Money Note which purported to "lawfully satisfy" a loan secured by the subject property.  (Dkt. #22).  In this Certified Promissory Lawful Money Note, Humpal asserts several specious claims and arguments.  For example, Humpal asserts that because insufficient amounts of gold and silver are available to back United States currency, the United States dollar is "a 'fiat' dollar; NOT a LAWFUL DOLLAR, nor called LAWFUL MONEY."  Humpal further asserts that "payment in anything less than Lawful Money would require the Maker to give up his Constitutional Right of due process."  Finally, Humpal asserted that unless Ocwen presented to Humpal evidence that Public Law 48 Stat. 112 (apparently enacted in 1933) was repealed, the debt in question would be considered fully discharged and satisfied.  *Id.*

On July 27, 2011, Plaintiff Humpal, "along with Dennis Neufeld as the Director of Safe Haven Foundation, a private church organization," purchased the subject property from Plaintiff Hirdes for "twenty-one lawful dollars and other consideration."  Plaintiff Hirdes thereafter sent to Defendant Ocwen a Notice of Satisfaction and Demand for Release of Lien and/or Full Reconveyance.  (Dkt. #22).  In this document, Hirdes asserts that "[a]ll sums or alleged obligations that the borrower allegedly had in the recorded Mortgage [concerning the subject property] have been completely satisfied and/or

discharged by operation of law because of the Borrowers' Tender of Lawful Money in full in order to 'pay' as was the condition precedent for the Trustee to Reconvey said deed to Borrower." Hirdes then warned Ocwen that "if you fail to return the original note to [Hirdes] and record a reconveyance within ten (10) days of your receipt of this Notice, that the Borrower and/or buyers of the property will be forced to file a suit in common law under the 7th Amendment of the Constitution for tort violations and for money damages and up to Ten Million dollars for punitive damages."

Plaintiff Humpal later attempted to sell or lease the subject property, but was unable to do so because Defendants Ocwen Loan Servicing and Deutsche Bank National Trust Company "failed or refused to release the lien and/or record a Full Reconveyance, thereby clearing the title to said property." According to Plaintiffs, Defendants Ocwen and William Erbey "either ignored or refused the Plaintiffs' authorized lawful tender for the full amount in lawful money of the account of the United States of America, thereby causing the alleged obligation to become discharged by operation of law per the common law for commercial transactions. . .or they have accepted it or kept it without endorsing it."

Plaintiffs assert that "[t]he acts of all the Defendants. . .have therefore damaged the rights of the Plaintiffs in that the title to the private land has been trespassed upon and the chattel has been trespassed upon." Plaintiffs further assert that Defendants "have abused the Judicial and County recording process by filing or recording false documents thereby damaging the title to the private property and rights of the Plaintiffs."

In their Complaint, Plaintiffs assert claims for: (1) Trespass to Title on Private Land; (2) Trespass of Chattel; and (3) Action for Quieting the Title. Plaintiffs seek monetary and injunctive relief. Plaintiffs have thus far effected service on Defendants Ocwen Loan Servicing, Mortgage Electronic Registration Systems (MERS), and Kent County, all of whom now move to dismiss Plaintiffs'

Complaint for failure to state a claim on which relief may be granted.  Plaintiffs failed to respond to

Defendants' motion to dismiss.  On January 4, 2012, the Court held a hearing on Defendants' motion

to dismiss.  Plaintiffs failed to appear at this hearing.


## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be

granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most

favorable to Plaintiff to determine whether such states a valid claim for relief.  *See In re NM Holdings*

*Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the

"[f]actual allegations [are] enough to raise a right for relief above the speculative level on the

assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 545 (2007).  As the Supreme Court more recently held, to survive a motion to dismiss, a complaint

must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009).  This plausibility standard "is

not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has

acted unlawfully."  If the complaint simply pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet
> that a court must accept as true all of the allegations contained in a
> complaint is inapplicable to legal conclusions. Threadbare recitals of the
> elements of a cause of action, supported by mere conclusory statements,
> do not suffice. . .Rule 8 marks a notable and generous departure from the
> hyper-technical, code-pleading regime of a prior era, but it does not

unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint and central to the claims therein.  *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

I.        **Failure to State a Claim**

Plaintiffs assert several causes of action in their complaint, none of which state a claim on which relief may be granted.

A.      Quiet Title

Asserting that Defendants possess no lawful interest in the property in question, Plaintiffs "seek to quiet title as of July 27, 2011." Actions to quiet title under Michigan law are governed by Mich. Comp. Laws § 600.2932 which provides, in relevant part, that "[a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not." Mich. Comp. Laws § 600.2932(1).

A plaintiff in an action to quiet title to land bears the burden to make out a prima facie case that he has a superior claim to the land in question. *See Stern v. Marjeh*, 2011 WL 1140129 at *1 (Mich. Ct. App., Mar. 29, 2011); Michigan Court Rule 3.411(B)(2) (in a complaint to quiet title the plaintiff "must allege," in part, the facts establishing the superiority of the his claim). Moreover, a plaintiff cannot satisfy this requirement "by merely relying on the weakness of a defendant's title." *Stern*, 2011 WL 1140129 at *1. Plaintiffs have failed to allege facts demonstrating the superiority of their claim to the property in question. The undersigned, therefore, recommends that Plaintiffs' quiet title claim be dismissed for failure to state a claim on which relief may be granted.

B.      Trespass

Plaintiffs allege that as a result of Defendants' failure to accept Plaintiff Humpal's Certified Promissory Lawful Money Note, "the Plaintiffs' title to chattel and/or private property has been trespassed upon." Plaintiffs further allege that Defendants engaged in "mail fraud and money

laundering" and "as a result thereof, Plaintiffs' title has been trespassed upon. . .preventing them. . .from

selling the said private land/property and private chattel."

A trespass is an unauthorized invasion on the private property of another. *See, e.g.,*

*Dalley v. Dykema Gossett*, 788 N.W.2d 679, 691 (Mich. Ct. App. 2010). Plaintiffs' argument that

submission of the Certified Promissory Lawful Money Note constituted proper payment of the loan in

question is utterly without merit. As Plaintiffs have failed to allege that they tendered proper payment,

Defendants alleged refusal to "reconvey" the property in question to Plaintiffs or discharge the loan in

question is not unlawful. The undersigned recommends, therefore, that Plaintiffs' trespass claims be

dismissed for failure to state a claim on which relief may be granted.


C.      Injunctive Relief

Plaintiffs also request that the Court "grant a preliminary injunction and temporary

restraining order" to prevent "any future attempt at a judicial or non-judicial foreclosure or other sale

of the subject property. . .[and] a permanent injunction precluding all. . .Defendants from continuing to

engage in the wrongful and unlawful conduct identified herein."

To obtain injunctive relief, Plaintiffs must first show that they are "is being threatened

by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement*

*Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001) (citations omitted). If such is the case, the court must then

examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the

movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a

preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction

would be in the public interest.  *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites which must each be satisfied, the relevant factors, none of which are alone determinative of the matter, are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997); *Michigan Bell Telephone Co. v. MFS Intelenet of Michigan, Inc.*, 16 F.Supp.2d 828, 831 (W.D.Mich. 1998). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion.  *See Dana Corp.*, 251 F.3d at 1118 (the "most significant single component" in the decision whether to grant injunctive relief "is the court's discretion") (citations omitted).

Plaintiffs have failed to allege any facts which support the conclusion that they are likely to prevail in this matter or that they will suffer irreparable injury in the absence of injunctive relief. Plaintiffs have likewise failed to allege facts indicating that injunctive relief would best serve the public interest.  Finally, the Court concludes that granting the relief Plaintiffs seek, in the absence of any allegations or evidence supporting such, would do substantial harm to Defendants.  Accordingly, the undersigned recommends that Plaintiffs' request for injunctive relief be denied.

## II.        Failure to Prosecute

As indicated above, Plaintiffs failed to respond to Defendants' motion to dismiss. Plaintiffs also failed to appear at the hearing on Defendants' motion.  For the reasons articulated below, the undersigned recommends, in the alternative, that Plaintiffs' claims be dismissed with prejudice for failure to prosecute.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962).  This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.  Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).  While Rule 41(b) does not expressly provide for the sua sponte dismissal of an action for failure to prosecute, the Supreme Court has held that absent express language in Rule 41 precluding such, federal courts possess the inherent authority to sua sponte dismiss an action for failure to prosecute. *See Link*, 370 U.S. at 629-32; *see also*, *Alexander v. Bureau of Prisons*, 2011 WL 2116448 at *2 (N.D. Ohio, Apr. 28, 2011).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the Court to recommend that Plaintiffs' claims be dismissed for failure to prosecute.  Other than filing frivolous motions, Plaintiffs have made no effort to participate in this matter.  Plaintiffs have failed to respond to Defendants' motion to dismiss and failed to appear for a scheduled hearing on Defendants' motion. The Court finds that Plaintiffs' conduct is willful and in bad faith.  The Court further finds that Plaintiffs' assertion of such frivolous claims,

combined with their failure to pursue such claims, prejudices Defendants. While Plaintiffs have not previously been warned by the Court that dismissal of their claims might result from their refusal to participate in this matter, this Report and Recommendation will serve as such a warning and affords Plaintiffs an opportunity to refute the Court's recommendation that dismissal is appropriate. Finally, given the frivolous nature of Plaintiffs' claims and subsequent motions, the Court finds that dismissal of Plaintiffs' claims is an appropriate sanction. Accordingly, the undersigned recommends, in the alternative, that Plaintiffs' claims be dismissed for failure to prosecute.

### III.        Remaining Defendants

Plaintiffs initiated this action on August 2, 2011, but have yet to effect service of process on Defendants Erbey, Deutsche Bank, and the five hundred John Doe and Jane Doe defendants. Plaintiffs have neither requested an extension of time to effect service on these defendants nor have they requested the Court's assistance in identifying or effecting service on these defendants.

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served together with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, "the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." If the plaintiff demonstrates good cause for such failure, however, the court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Considering Plaintiffs' lack of diligence and participation in this matter, the Court recommends that Plaintiffs' claims

against Defendants Erbey, Deutsche Bank, and the five hundred John Doe and Jane Doe defendants be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion to Dismiss, (dkt. #6, 14), be **granted**.  The undersigned further recommends that Plaintiffs' claims against Defendants Erbey, Deutsche Bank, and the five hundred John Doe and Jane Doe defendants be dismissed without prejudice for failure to timely effect service and Plaintiffs' action **dismissed**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date:  January 31, 2012 /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge